JOHN EANNETTA, ADMINISTRATOR, v. DELAWARE, LACK-
AWANNA AND WESTERN RAILROAD COMPANY.

Decided August 26, 1925.

Negligence—Death From Injury While Employed by a Construc-
tion Company at Work Along the Right of Way of Railroad
Company—Injury Result of Defective Working of a Crane
on Car of Railroad Company Operated by Railroad Em-
ploye—Question of Responsibility of Railroad—Crane Al-
leged to Have Been Unsafe, Also That Employe Was Negli-
gent—Complaint Held Insufficient Regarding First Point,
But No Error Found in Action of Court in Submitting Ques-
tion of Negligence of Railroad Employe to Jury—Judgment
For Complainant Affirmed.

On rule to show cause.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *Frederic B. Scott.*

*Contra, Alexander Simpson.*

PER CURIAM.

The action was brought in the Hudson County Circuit
Court, to recover damages for the death of Albert Eannetta,
against the Delaware, Lackawanna and Western Railroad
Company. The accident happened by reason of the toppling
over of a crane which was being used to lift a steam shovel
from the ground to place it on a work train. The deceased
was employed by the Hyde-MacFarlane Construction Com-
pany which had been digging along the right of way of the
defendant, and it became necessary to have the shovel changed
in its position, and for that purpose the work train was
called for by the construction company, and furnished by
the defendant. The original complaint in the case rests
upon the theory that the defendant had furnished for the
purpose an unsafe and improper crane. The case proceeded

to trial, however, upon a double theory, the failure of duty to supply the proper crane, and negligence of the railroad company's employe in the handling of the crane, and the trial judge submitted the issue to the jury solely on the latter ground. The court, in his charge to the jury, stated: "Now, if you find from the evidence that this crane, at the time it fell, was not being operated by the railroad company, then, of course, there can be no recovery against the railroad company."

It is contended in support of the rule (1) that the complaint was insufficient to constitute a cause of action against the defendant; (2) that the court erred in submitting the case to the jury on the theory of negligent operation, on the ground that such negligence was not within the issue of the pleadings; (3) that there was no proof that the railroad was in control of the operation of the crane; (4) that there was no proof of negligence in those handling the crane; (5) that the court erred in refusing to permit a witness to testify concerning a bill of the railroad company presented to the construction company for damage to the crane.

We think it is true that the complaint fails to allege negligent operation in the defendant as a cause of action, and to that extent that point is established. It does not follow, however, that under the second point that the court erred in submitting to the jury the question of the negligence of the defendant in the operation of the crane. Such evidence as there was of negligent operation came in without objection on the part of the defendant, and on the motion for a nonsuit, which was repeated on the motion for a direction, defendant's counsel stated the grounds to be "that the proof in this case is that the operation of the crane at the time was by a servant of Hyde-MacFarlane Company, and for that reason the responsibilities of the defendant had ceased. In this particular case, Hyde-MacFarlane would be covered by the Compensation act; further, that there is no proof of the allegation in the complaint that the crane was a defective crane." There is nothing in these grounds which raise the question of the insufficiency of the complaint, or of the proofs

being beyond the allegations set forth in the complaint. On the contrary, it assumes the facts such as proved to be within the pleadings, because of the fact that they were received without objection, and not made the basis of a nonsuit or direction.

As to the charge of the court in which the issue was specifically committed to the jury, no objection or exception was taken. It is a case in which the pleadings, if necessary, should be moulded to conform to the issue actually tried, and that the verdict should not be sustained on this ground. *Cresci* v. *Gandy*, 2 *N. J. Adv. R.* 486.

In other words, we think counsel cannot permit an issue to be raised, presented to the jury in evidence, submitted to the jury by the trial judge, all without objection, and then on a rule for a new trial, complain that the pleadings were insufficient to sustain the verdict. *Consensus tollit enorem.* *Levinson* v. *McQuade*, 93 *N. J. L.* 184; *Van Houten* v. *Van Houten*, 89 *Id.* 301.

The next contention is that there was no evidence showing that the defendant railroad company was in control of the operation of the crane. We think this ground also is untenable. The man in charge of the crane was an employe of the defendant, named Vanderhoof, who was in actual control of its physical operation; his services were paid for by the defendant, and he had control of the methods to be pursued. If he attempted to raise the shovel by a method which implied negligence in operation, and by using equipment inadequate for the purpose through negligence, the defendant would be answerable. His own testimony on this point would seem to establish both of these propositions. It was his business to do the work which he was doing in this instance. He had testified that cranes for such purpose had what is called an outrigger, evidently a counterbalance intended to offset the weight of the material or object to be lifted, and in this instance he was operating without such balance; that he was an experienced man in the business, and that he had on other occasions lifted other objects and materials in the same manner. He seems also

to have known the lifting capacity of the crane, which was thirty-five tons. In addition it was shown that at the point at which the shovel was being lifted the crane was tilted out of a horizontal line and inclined toward the shovel. This was an element in operation, and not in equipment. It was quite clear .that with a sufficient departure from a level line the crane would tip of its own weight. It was the duty of the operator in charge to determine the propriety of using the unbalanced crane under these circumstances, and if he negligently attempted to perform the service, we think that fact presented evidence of negligence, and in this case there was such proof.

It is true that Vanderhoof said that he took his instructions from Cooper, the engineer of the Hyde-MacFarlane Company, but it is also true that on cross-examination he made statements from which it might be inferred that he was using his own judgment. In view of the fact that Vanderhoof was in the employ of the railroad company, that he was being paid by it, and that he was to take the shovel from the point where it was to another point on the railroad, it was permissible for the jury to find that it was while the machine was in his control as an operator for the railroad that the accident occurred.

The next point is that the evidence fails to show any actionable negligence. This is answered by what has already been stated.

The final reason is that the court refused to allow a question directed to a Mr. Durell, an employe of the contracting company, as follows: "Q. Mr. Durell, I show you a bill made out to the Hyde-MacFarlane Company and ask you if you brought that from Hyde-MacFarlane Company's office? A. I did. Q. Can you tell us what that bill is for?" This question was objected to and the objection sustained. We can see no possible materiality, relevance or competency in the inquiry.

The rule is therefore discharged.